UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 2:18-cv-414 |
| UNDERGROUND INCORPORATED, BOYD CONSTRUCTION COMPANY INCORPORATED, and LAKE GEORGE MATERIAL AND SUPPLY COMPANY, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery [DE 20] filed by the plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, on April 23, 2019. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiffs initiated this matter on November 1, 2018. On February 1, 2019, at the Rule 16 Preliminary Pretrial Conference the plaintiffs served Initial Disclosures on the defendants. Additionally, on February 1, 2019, the plaintiffs served Plaintiffs' First Interrogatories and Plaintiffs' First Request for Production of Documents on the defendant, Underground Incorporated. On February 5, 2019, the plaintiffs served via email and first class mail Plaintiffs' First Interrogatories and Plaintiffs' First Request for Production of Documents on the defendants, Boyd Construction Company Incorporated and Lake George Material and Supply Company, Inc.

The plaintiffs have indicated that the defendants failed to serve initial disclosures, answer

interrogatories, respond to the document requests, or provide all responsive documents for review and copying. Pursuant to N.D. Ind. L.R. 37-1, the plaintiffs attached a certification indicating that they attempted to resolve this discovery dispute with the defendants before requesting court intervention. The defendants have not filed a response in opposition, and the time to do so has passed.

*Discussion*

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . " **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(3)–(4)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citation omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citation omitted). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Cunningham***, 255 F.R.D. at 478 (internal quotations and

2

citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." **Berning v. UAW Local 2209**, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (internal quotations and citations omitted); see **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

The defendants did not respond or object to the present motion to compel. Therefore, they did not meet their burden to demonstrate that the requested discovery is improper. The plaintiffs have attempted in good faith to resolve these discovery disputes before requesting court intervention.

"The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al.*, *8B* **Federal Practice and Procedure Civil** § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." **Rickels v. City of South Bend, Ind.**, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that his position was substantially justified. **Rickels**, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. **Federal Rules of Civil Procedure 37(a)(3)(B), (a)(4), (a)(5)**; **Lucas v. GC Services, L.P.**, 226 F.R.D. 328, 329–30 (N.D. Ind. 2004). Federal Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. See **Stookey v. Teller Training Distribs., Inc.**, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions

3

under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A)**. In addition, Federal Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004). Thus, Rule 37(a) is a fee-shifting rule, and the loser must pay unless it demonstrates that the movant filed the motion before attempting to obtain the discovery in good faith without court action, its position was "substantially justified," or other circumstances make an expense award unjust.

Because the defendants have not filed a response to the present motion, they have not demonstrated that the plaintiffs filed the motion to compel before attempting to obtain the discovery in good faith, that their position was substantially justified, or that other circumstances make an expense award unjust.

Based on the foregoing reasons, the court hereby **GRANTS** the Motion to Compel Discovery [DE 20]. The defendants are **ORDERED** to serve initial disclosures, as well as provide full and complete responses to Plaintiffs' Interrogatories and Requests for Production of Documents with all responsive documents within fourteen (14) days of this Order. The plaintiffs are **DIRECTED** to file an affidavit indicating the fees and expenses relating to this discovery dispute within fourteen (14) days of this Order.

ENTERED this 15th day of May, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge